JOHN L. GANNON [ISB# 1975]
Attorney at Law
1101 W. River Street, Suite 340
Boise, ID 83702
Telephone: (208) 433-0629
Facsimile: (208) 343-5807
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| MICHAEL D MURPHY, | CASE NO. |
|---|---|
| Plaintiff, | COMPLAINT AND JURY DEMAND |
| vs. | |
| GE MONEY BANK, a National Bank | |
| Defendant. | |

COMES NOW the Plaintiff who complains and alleges as follows:

## GENERAL ALLEGATIONS

I

At all times herein mentioned the Defendant is a consumer credit card issuing bank which is subject to the Fair Credit Billing Act 15 USC 1666 et seq.

II

At all times herein mentioned the Defendant is a lender who reports status of consumer accounts and is therefore subject to the Fair Credit Reporting Act 15 USC 1681 et seq.

III

Jurisdiction of this Court over this claim is based upon the Fair Credit Billing Act and specifically the provisions of the Truth in Lending Act 15 USC 1640 et seq; and upon the Fair Credit Reporting Act 15 USC 1681(p); and 28 USC 1331.

COMPLAINT AND JURY DEMAND Page - 1

IV

At all times in which FCBA and FCRA violations occurred Plaintiff resided in Eagle, Ada County, Idaho and Defendant was doing business in said County.

V

At all times herein mentioned Plaintiff is a consumer in that the purchase of the carpet which is the subject of this dispute was for personal, family and household purposes.

## COUNT I  FAIR CREDIT BILLING ACT

I

In July, 2004, Plaintiff purchased carpet from Alamo Carpet in Amarillo Texas for $1950 which was installed in their home to facilitate its sale, as they were moving to Eagle Idaho. The carpet was purchased on a no interest, no pay, basis, with payment to be made 1 year later.

II

Plaintiff received no billings, notices of assignment or anything until July, 2005, when Plaintiff became aware that Defendant had the account as a result of information in his credit report. Plaintiffs attempts to contact Alamo Carpet were unsuccessful, as they were out of business.

III

Plaintiff promptly paid the $1950 for the carpet, but Defendant demanded $3658 and other different amounts. Plaintiff promptly disputed this claim in writing and demanded an FCBA investigation of this billing error as defined in 15 USC 1666(b)(1), (2) and (5).

IV

Defendant failed to conduct a reasonable investigation; failed to provide proof, documents or any evidence in support of its claim of $3658 or such other amount; failed to report to credit

COMPLAINT AND JURY DEMAND Page - 2

reporting agencies the correct amount and/or that the account was disputed; and replied on or about September 29, 2005, that it would not cease reporting that money was due and owing despite payment.

V

This conduct violates 1666(a) as well as applicable Regulations issued and applicable to this conduct and particularly because Defendant failed and refused to provide any documentation in support of its claim to Plaintiff.

VI

Plaintiff has continued to make monthly payments of $82, $82, $85 and $82 in order to protect his credit and mitigate his damages and only for that reason.

VII

As a result of this conduct Plaintiff is entitled to a return of his payments totaling $331 plus any payments made in the future in order to protect his credit; the $1000 statutory damage provided by the Act; and damages for his emotional distress and frustration in the amount of $5000 and costs and attorneys fees pursuant to 15 USC 1640.

Should this matter proceed by default such reasonable costs and attorneys fees are $2500

COUNT II FAIR CREDIT REPORTING ACT - INTENTIONAL VIOLATIONS

I

Plaintiff repleads Paragraphs I - III of Count I.

II

The Defendant reported a balance due of approximately $3568 to Equifax and Experian Credit Reporting Services and Plaintiff wrote a series of letters to each along with supporting

COMPLAINT AND JURY DEMAND Page - 3

documentation asking that this account either be deleted or marked paid in full. Said Credit Reporting Services responded to inquiries from Plaintiff by stating that Defendant had been contacted and Defendant refused to change their report, although at one point Defendant did credit the payment made by Plaintiff in July.

### III

The defendant did not reasonably investigate this account despite requests from Experian and Equifax and did not report this account correctly and never reported that the account was disputed by the Plaintiff all in violation of 15 USC 1681(s)2(b). Other sections of the FCRA may have been violated too.

### IV

Further, it appears that the Defendant may have unlawfully obtained copies of Plaintiffs credit report in that Plaintiff does not recall authorizing Defendant to take this action.

### V

The actions taken by the Defendants were wilful and intentional and the Defendants are therefore liable pursuant to 15USC1681(n) for actual damages of $331 or in such amount as proved at trial for payments made to protect his credit and $5000 because of the emotional distress and frustration he has endured and costs and attorneys fees pursuant to 15 USC 1681 (n) and (o).

Should this matter proceed by default such reasonable costs and attorneys fees are $2500.

COUNT III FAIR CREDIT REPORTING ACT NEGLIGENT VIOLATIONS

### I

Plaintiffs replead Paragraphs I-IV of Count II

### II

COMPLAINT AND JURY DEMAND Page - 4

The conduct of the Defendant is negligent, careless and without any reasonable care and violates 15 USC 1681 (s) 2(b) in that the Defendants did not consider the information provided and continued to misreport this account.

### III

The actions taken by the Defendant were negligent, careless and without any reasonable care and the Defendant is therefore liable pursuant to 15 USC 1681 (o) for actual damages of $331 for payments made to protect his credit and $5000 because of the emotional distress and frustration he has endured and costs and attorneys fees pursuant to 15 USC 1681 (n) and (o).

Should this matter proceed by default such reasonable costs and attorneys fees are $2500

### COUNT IV DEFAMATION

### I

Plaintiff repleads each and every allegation and fact pleaded in Paragraphs I -IV of Count II

### II

Defendants have intentionally continued to erroneously report to third parties the balance due on this account and to claim a balance in excess of the true amount due and such statements are false and untrue.

### III

As a result of this defamation the Defendant is liable for the payments he has made to protect his credit and mitigate his damages in the amount of $331 or as proven at trial and for general damages in the amount of $5000 or as proven at trial.

### IV

Plaintiff asks for an award of attorneys fees pursuant to Idaho Code 12-121.

COMPLAINT AND JURY DEMAND Page - 5

Should this matter proceed by default such reasonable costs and attorneys fees are $2500

WHEREFORE Plaintiff asks for the following relief:

1. A Judgment from this Court determining that the Defendant should instruct all credit reporting agencies including Equifax, Experian and TransUnion that this account has been paid in full and never late.

2. A Judgment in favor of Plaintiff MICHAEL D MURPHY in the amount of $331 or the amount as appears of record at the time of Judgment for actual damages and the $1000 minimum statutory amount, plus $5000 for his emotional distress and frustration pursuant to Count I, the Fair Credit Billing Act.

3. And a judgment in the amount of $331 or the amount as appears of record at the time of Judgment for actual damages and the $1000 minimum statutory amount, plus $5000 for his emotional distress and frustration pursuant to Count II (Fair Credit Reporting Act -Wilful); or the amount of $331 or the amount as appears of record at the time of Judgment for actual damages, plus $5000 for his emotional distress and frustration pursuant to Count III (Fair Credit Reporting Act - Negligence).

4. Costs as provided by Rule and Law and Attorneys Fees pursuant to 15 USC 1640 or 15 USC 1681n and 1681o, Idaho Code 12-121 as applicable. If this matter proceeds by Default, Plaintiff asks for an award of $2500.

5. Such other relief as the Court deems just.

PLAINTIFF DEMANDS A TRIAL BY JURY

Dated December 3/, 2005

By [signature]

COMPLAINT AND JURY DEMAND Page - 6

## VERIFICATION

I, Michael D. Murphy, the Plaintiff herein, have read the above Complaint, and hereby verify that the contents are true and correct according to my knowledge and belief.

_____
Michael D. Murphy

Subscribed and sworn before me on this ___19th___ day of December, 2005.

_____

COMPLAINT AND JURY DEMAND Page - 7